# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MENDEL D. POOLE, # 231891,

      Petitioner,

v.                                                    Case Number: 10-cv-12260
                                                       Honorable Victoria A. Roberts

HEIDI WASHINGTON,

      Respondent.

_____/

## OPINION AND ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

This is a habeas case brought under 28 U.S.C. § 2241 and § 2244. Petitioner Mendel D. Poole, a state prisoner incarcerated at the Charles Engler Reception and Guidance Center in Jackson, Michigan, filed this Habeas Petition on June 8, 2010, challenging his parole revocation.

In 2007, Petitioner pleaded no contest, in Genesee County, Michigan, Circuit Court, to possessing a controlled substance, in violation of MICH. COMP. LAWS § 333.74032A5. He was sentenced to one year five months to four years in prison. Petitioner was granted a one-year parole on May 12, 2009. He violated his parole on November 18, 2009. The Parole Board subsequently rescinded his parole, and he was returned to prison on November 20, 2009, to serve the remainder of his sentence.

In his *pro se* pleadings, Petitioner raises the following claims: (1) the judgment rendered was without jurisdiction, (2) the sentence was not authorized by law, and (3) he has been denied his constitutional rights. He seeks release from custody.

For the reasons stated, the Court summarily dismisses the Habeas Petition. The Court also declines to issue Petitioner a Certificate of Appealability, and also denies him an Application for Leave to Proceed on Appeal *In Forma Pauperis*.

## I. DISCUSSION

Rule 4, Rules Governing Section 2254 cases, provides that the Court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 and § 2241 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). This holds true for habeas petitions challenging state parole revocation proceedings and decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-39 (6th Cir. 1991); *Blosser v. Scutt*, No. 2:08-CV-12453, 2008 WL 4965348, at *1-2 (E.D. Mich. Nov. 17, 2008); *Knuckles v. Bell*, No. 08-CV-10942, 2008 WL 1743494, at *1 (E.D. Mich. Apr. 14, 2008); *Simmons v. Michigan Dep't of Corrs. Parole Bd.*, No. 2:07-CV-15442, 2008 WL 62459, at *1 (E.D. Mich. Jan. 3, 2008). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions

2

employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied when the state appellate courts have been given "a full and fair opportunity" to rule on the petitioner's claims. *Rust*, 17 F.3d at 160. The burden is on the petitioner to prove exhaustion. *Id*.

In this case, Petitioner fails to indicate what steps he took, if any, to exhaust available remedies in the state courts by challenging the revocation of his parole. Petitioner has available state court remedies to challenge his parole revocation proceedings and current confinement which must be exhausted before he seeks federal habeas review. Petitioner may challenge the revocation of his parole by filing a complaint for writ of habeas corpus in the appropriate state circuit court. *See* Mich.Comp.Laws. § 600.4301 *et seq*., Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 142 Mich. App. 774; 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). There is no time limitation for when such a complaint may be filed, so long as the prisoner will be in custody when the circuit court enters judgment. *See Triplett*, 142 Mich. App. at 778. Although the denial of such a writ is not appealable by right, the petition may be renewed by filing an original complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id*. Denial of such a complaint by the Michigan Court of Appeals is subject to review by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301.

Additionally, the Administrative Procedures Act, Mich.Comp.Laws § 24.201 *et. seq.*, provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision in the state circuit court. *See Penn v. Dep't of Corrs.*, 100 Mich.App. 532; 298 N.W.2d 756 (1980). The circuit court decision would be appealable in the Michigan Court of Appeals and the Michigan Supreme Court. *See* Mich.Ct.R. 7.205, 7.302.

Petitioner fails to demonstrate that he exhausted available state court remedies prior to filing this Habeas Petition. Absent the exhaustion of those remedies, his Petition is premature and must be dismissed.

## II. CONCLUSION

The Court summarily **DISMISSES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus. The Court makes no determination on the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a Certificate of Appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a Certificate of Appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DECLINES TO ISSUE** Petitioner a Certificate of Appealability. The Court also **DENIES** Petitioner an Application for Leave to Proceed on Appeal *In Forma Pauperis*, as any appeal would be frivolous. Fed.R.App.P. 24(a).

**IT IS ORDERED.**

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: July 19, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Mendel Poole by electronic means or U.S. Mail on July 19, 2010.

s/Linda Vertriest
Deputy Clerk